IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| MORRIS DEAN KNOTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:18-cv-165-O |
| | § | |
| PAUL CUNNINGHAM, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DISMISSING CASE

### Background

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by an inmate who, at the time of filing, was confined in the Pack I Unit of the Texas Department of Criminal Justice in Navasota, Texas. Plaintiff claims that, when he was confined in the Montague County Jail in Montague, Texas, Captain Berman failed to warn him of standing water on the jail's kitchen floor and there were no wet floor signs. *See* Complaint, ECF No. 1 at 4. Plaintiff states that he slipped and fell breaking his ankle in two places. *Id.*; Plaintiff's More Definite Statement, ECF No. 9 at 1. On the same day as his fall, Plaintiff was taken to a hospital in Nocona, Texas where a doctor diagnosed the broken ankle and gave him a "cast type foot boot to wear." Plaintiff's More Definite Statement, ECF No. 9 at 1. About three weeks later, after his transfer to state prison, Plaintiff underwent surgery on his ankle at John Sealy Hospital in Galveston, Texas. *Id.* He seeks $100,000.00 in monetary damages. Complaint, ECF No. 1 at 4.

### Legal Standards for Preliminary Review

Under the Prison Litigation Reform Act of 1995, a federal action filed by an individual proceeding *in forma pauperis* must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune

from such relief. 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff is proceeding *in forma pauperis*, his allegations are subject to screening by the Court prior to any service of process to determine whether his claims should proceed. *See* 28 U.S.C. § 1915; *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998) (per curiam). *Pro se* plaintiffs are not held to the strict pleading standards of licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Factual allegations set forth by *pro se* litigants are accepted as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). However, an action may be dismissed for failure to state a claim when it is clear that the plaintiff can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

Plaintiff was given the opportunity to expound on the factual allegations of his complaint by submitting a More Definite Statement (ECF No. 9). *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal as frivolous is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming questionnaire as a useful and proper means for a court to develop the factual basis of a *pro se* litigant's complaint). For purposes of the Court's review at this stage of litigation, the facts stated by Plaintiff in support of his complaint are presumed true. However, conclusory allegations and legal conclusions are insufficient to state a claim. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Van Cleave v. United States*, 854 F.2d 82, 84 (5th Cir. 1988) (requiring specific facts and noting that conclusory allegations are insufficient to maintain a claim under § 1983).

**Slip and Fall**

Plaintiff seeks monetary damages for Captain Berman's failure to warn him that water was standing on the jail's kitchen floor and because there were no "wet floor" signs in place.[1] Complaint, ECF No. 1 at 4. He seeks redress against Sheriff Cunningham because Cunningham provided him with crutches which, Plaintiff claims, serves as evidence that Cunningham was aware of the alleged inadequate medical care. *Id.*

"As a general rule, slip and fall claims come under the rubric of negligence." *Quintanilla v. Bell*, No. 9:08-cv-172, 2009 WL 175526, at *5–6 (E.D. Tex. Jan. 23, 2009). Indeed, review of relevant caselaw reflects that "slip and fall" cases and "trip and fall" cases typically state, at best, claims of negligence. *See, e.g., Daniels v. Williams*, 474 U.S. 327 (1986) (holding that prisoner who tripped over pillow negligently left on stairs by deputy sheriff had no cause of action under § 1983); *Widner v. Aguilar*, No. 10–10205, 2010 WL 4269222 at *1 (5th Cir. Oct. 27, 2010) (prison officials not liable under § 1983 for plaintiff's slip and fall after ordering inmate to walk down stairs while handcuffed and wearing wet shower shoes); *Iruegas v. Poe*, 374 F. App'x 513, 515 (5th Cir. 2010) (affirming finding that plaintiff stated nothing more than a claim of negligence where, after leaving the shower, he slipped and fell down approximately ten stairs because only one officer escorted him from the shower without holding his arm in violation of prison policy); *Atkins v. Sheriff's Jail Avoyelles Parish*, 278 F. App'x 438 (5th Cir. 2008) (affirming dismissal as frivolous and for failure to state a claim upon finding that plaintiff's claim of slipping in water and falling because prison officials failed to repair leaks stated nothing more than negligence); *Denz*

---

[1] In his More Definite Statement, Plaintiff states that Captain Berryman told him to "be careful of the water standing." ECF No. 9 at 2.

3

*v. Clearfield County*, 712 F. Supp. 65 (W.D. Pa. 1989) (finding no colorable claim where inmate claimed to have suffered injury when he slipped on accumulated moisture allegedly caused by defective ventilation system and prison officials allegedly knew of the danger and deliberately failed to make the hazard safe).

Here, Plaintiff has stated nothing more than a possible claim of negligence which is not actionable under the Civil Rights Act. *See Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). While it's unfortunate that Plaintiff slipped, fell, and was injured, he cannot prevail on this claim under 42 U.S.C. § 1983.

To the extent that Plaintiff seeks redress for his alleged injury under a state law claim of negligence, the Court is without authority to entertain his claims. When a complaint presents no federal question, 28 U.S.C. § 1332 requires complete diversity of citizenship and $75,000 in controversy to invoke the jurisdiction of a federal court. From the face of Plaintiff's complaint, it is apparent that he and Defendants are all citizens of Texas. *See* Complaint, ECF No. 1 at 3. Because there is no diversity of citizenship, Plaintiff's negligence claim, construed as a diversity action, should be dismissed for lack of jurisdiction.

### Denial of Medical Care

It is unclear as to whether Plaintiff was a convicted inmate or a pretrial detainee at the time of the alleged incident giving rise to his claim. However, for the following reasons the distinction is irrelevant in this case.

A civil rights action by a pretrial detainee premised upon denial of medical treatment can be evaluated differently than an action by a convicted inmate. *See Cupit v. Jones*, 835 F.2d 82, 84

(5th Cir. 1987). A pretrial detainee's claim is evaluated under the Fourteenth Amendment and the analysis for a convicted inmate is conducted pursuant to the Eighth Amendment.[2] *Id*.

In general, "pretrial detainees are entitled to reasonable medical care unless the failure to supply that care is reasonably related to a legitimate government objective." *Id*. at 85. The Fourteenth Amendment also prohibits punishment of pretrial detainees through the denial of medical care. *Fields v. City of South Houston, Tex.*, 922 F.2d 1183, 1191 (5th Cir. 1991). Where, as in the case at bar, a pretrial detainee complains of an episodic act or omission, the question is whether the state official acted with deliberate indifference to the inmate's constitutional rights. *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001); *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999). This is the same standard employed for review in an Eighth Amendment case involving a convicted inmate. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that a colorable claim for the denial of medical care under the Eighth Amendment requires allegations of acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs.") "Deliberate indifference" occurs only where a prison official knows of and disregards an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996). Liability requires that a prison official be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists and he must actually draw that inference. *Farmer*, 511 U.S. at 837; *Hare*, 74 F.3d at 650.

---

[2] The analysis of a pre-trial detainee's claims under the Fourteenth Amendment rather than the Eighth Amendment is usually "a distinction without a difference." *Cupit*, 835 F.2d at 85.

However, it is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a civil rights claim. *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993). As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *See Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982). A disagreement over the appropriate medical treatment constitutes, at most, a possible claim of medical malpractice appropriately addressed under state law. *E.g., Estelle v. Gamble*, 429 U.S. at 107-08; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

Plaintiff claims that he was denied medical care for his broken ankle by a doctor at a hospital in Nocona, Texas because, after diagnosing the broken ankle, the doctor provided him with a cast type boot rather than performing surgery. *See* Complaint, ECF No. 1 at 4; Plaintiff's More Definite Statement, ECF No. 9 at 2. Assuming that the Nocona hospital doctor was a "state actor" as required under 42 U.S.C. § 1983, the Court finds that Plaintiff was not denied medical care. His claim involves a disagreement as to the nature of medical care provided rather than any denial thereof.

To the extent, if any, that immediate surgery would have been a better option for treatment of Plaintiff's broken ankle, negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim under the Eighth Amendment. *Graves*, 1 F.3d at 319. Nor will it provide the basis for a civil rights claim under the Fourteenth Amendment. *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990). Allegations of negligence do not present a cognizable basis for relief under the Civil Rights Act. *See Daniels v. Williams*, 474 U.S. 327 (1986)

6

(holding that negligence is not actionable under § 1983); *Davidson v. Cannon*, 474 U.S. 344 (1986) (same).

To the extent that plaintiff presents a claim of medical negligence, such a claim could be addressed under state substantive law. Therefore, the next issue is whether this Court has jurisdiction to entertain Plaintiff's claim under Texas state law.

"[S]ubject-matter jurisdiction is not waivable, and the federal courts are under a continuing duty to inquire into the basis of jurisdiction in the district court." *Warren v. U.S.*, 874 F.2d 280, 281-82 (5th Cir. 1989) (citing *Smith v. Booth*, 823 F.2d 94, 96 (5th Cir. 1987)). "[T]he District Court is vested with authority to inquire at any time whether the [ ] conditions [to the exercise of its jurisdiction] have been met." *Broussard v. United States*, 989 F.2d 171, 176 (5th Cir. 1993) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). When a complaint presents no federal question, 28 U.S.C. § 1332 requires complete diversity of citizenship and $75,000 in controversy to invoke the jurisdiction of a federal court. As noted earlier, from the face of Plaintiff's complaint, it is apparent that he and Defendants are citizens of Texas. *See* Complaint, ECF No 1 at 3. Because there is no diversity of citizenship, Plaintiff's medical care complaint, construed as a diversity action, must be dismissed for lack of jurisdiction.

To the extent that Plaintiff seeks redress against Defendants Berryman and Clinton, the deputies who took him to the hospital, he cannot prevail. Plaintiff concedes that he was taken to the hospital on the day of his injury and he does not allege any delay on the part of Berryman or Clinton in taking him to the hospital. The Court finds the actions of Berryman and Clinton reasonable under the circumstances.

## Conclusion

For the foregoing reasons, Plaintiff's civil rights claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Plaintiff's claims of negligence, construed as a diversity action raising state law claims, are **DISMISSED** without prejudice pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, for lack of jurisdiction.

**SO ORDERED** this **14th day** of **March, 2022.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE